Filed 2/27/14  In re J.B. CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| In re J.B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>J.B.,<br><br>        Defendant and Appellant. | E058750<br><br>(Super.Ct.No. INJ1100289)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Lawrence P. Best, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed in part; reversed in part.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

1

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Stacy Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

The juvenile court found that J.B. (minor), who had already been declared a ward of the court, made a criminal threat against his physical education (P.E.) teacher. (Pen. Code,[1] § 422, subd. (a).) The court ordered that minor continue a ward of the court in the custody of his mother, under conditions of probation. Minor timely appealed, contending the record does not contain substantial evidence that his P.E. teacher suffered sustained fear from his threat, and that his adjudication for violating section 422 cannot stand. We agree, and reverse the judgment in that respect.

## FACTS

In a subsequent petition[2] filed on February 21, 2013, the People alleged in paragraphs 1 and 2 that minor made criminal threats in violation of section 422, against victim's JOHN DOE #1 and JOHN DOE #2.

---

[1] All further undesignated statutory references are to the Penal Code.

[2] Minor does not challenge his initial adjudication as made under the original petition filed on May 9, 2011, the allegations of which he admitted, or appeal from his admissions to numerous other subsequent petitions.

The victim, a P.E. teacher, testified that on February 20, 2013, at approximately 10:30 a.m., he was teaching his mid-morning P.E. class. Minor, who was a student in the teacher's early morning class, walked onto the outdoor P.E. area where the teacher was conducting his class. The teacher told minor that he was not a student in that particular class, and that he had to leave. Minor ignored the teacher and walked over to some friends and began talking to them. The teacher told minor to leave two more times, but minor continued to ignore him. The teacher then radioed the school's security office.

A security officer was patrolling the campus and responded to the P.E. class. When he observed that minor was not complying with the teacher's directives to leave the class, the security officer told minor to leave. Minor refused at first, so the teacher radioed the school principal. Minor then said goodbye to his friends and began to leave the class. The teacher walked next to minor to escort him from the P.E. area.

As they walked, the teacher asked minor why he kept coming to his class, and minor responded by saying "something to the effect of 'Get gone, [n…word],'" or "'get gone,' or 'get home,' or 'go home,' something like that, '[n…word].'" When the teacher asked minor what he had said, minor became more agitated, and responded, "I said, 'Get on home, [n…word].'" The teacher told minor that he could not talk to him like that, and that he could not come back to the class. Minor then stopped walking, turned to look the teacher in the eye, and in a serious tone of voice said, "Don't try to get crazy with me. I'll come back up here and smoke you." Minor stood in a firm stance as he spoke to the

teacher and did not appear to be joking. The teacher asked minor, "Did you just threaten to shoot me?" Minor responded, "Yeah, you heard me."[3] The teacher told minor that he could not talk to him like that, and that he took threats seriously. In response, minor told the teacher, "Take it as a threat. I'm serious." The security officer escorted minor away, and the teacher began documenting the event.

The teacher testified that he took minor's threat seriously, and he was concerned because that was not his "first run-in" with minor. When asked if at the time he was afraid that minor might follow through on his threat, the teacher testified, "I was concerned. I took it serious[ly]. I was concerned that it [was] a possibility he could carry that out."

The juvenile court found the People proved beyond a reasonable doubt that minor threatened the teacher in violation of section 422, as alleged in paragraph 1 of the subsequent petition.[4]

---

[3] The security officer testified that when the teacher asked minor to repeat his threat, minor "said something to the effect that he was going to smoke some weed or something like that," which the officer interpreted as an attempt to retract the threat to "smoke" the teacher.

[4] Based on additional facts that we need not recite, the juvenile court also found that minor threatened the security officer as alleged in paragraph 2, but minor does not challenge that adjudication on appeal.

DISCUSSION

"In determining the sufficiency of the evidence, we review the whole record in the light most favorable to the judgment for substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that any rational trier of fact could find the allegation true beyond a reasonable doubt. [Citation.] '[We] presume[ ] in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citations.] The same standard applies when the conviction rests primarily on circumstantial evidence. [Citation.]' [Citation.] If the circumstances reasonably justify the fact finder's findings, a contrary finding reasonably reconciled with the circumstances does not warrant reversal of the judgment. [Citations.]" (*In re L.K.* (2011) 199 Cal.App.4th 1438, 1446.)

Section 422 has five elements (*People v. Toledo* (2001) 26 Cal.4th 221, 227-228), but in this appeal minor only challenges the fourth element—that the threat caused the victim "to be in sustained fear for his or her own safety or for his or her immediate family's safety." (§ 422, subd. (a).) "'Sustained fear' refers to a state of mind. As one court put it, '[d]efining the word "sustained" [in section 422] by its opposites, we find that it means a period of time that extends beyond what is momentary, fleeting, or transitory.' (*People v. Allen* (1995) 33 Cal.App.4th 1149, 1151 (*Allen*).) The word fear, of course, describes the emotion the victim experiences." (*People v. Fierro* (2010) 180 Cal.App.4th 1342, 1349.) "'While the statute does not require that the violator intend to cause death or serious bodily injury to the victim, not all serious injuries are suffered to the body. The knowing infliction of mental terror is equally deserving of moral

5

condemnation.'"  (*People v. Wilson* (2010) 186 Cal.App.4th 789, 806, quoting *People v. Thornton* (1992) 3 Cal.App.4th 419, 424 [Fourth Dist., Div. Two].)

Minor does not dispute that his words to the teacher constituted an actual threat for purposes of section 422, and the evidence supports such a conclusion.  But as minor points out in his opening brief, the teacher never testified that minor's threat caused him to be afraid, scared, or to fear for his personal safety.  Instead, he testified that he was "concerned" that minor might possibly follow through on his threat.  To be concerned means to be troubled, disturbed, anxious, or bothered.  (Webster's 3d New Internat. Dict. (1993) p. 470, col. 1.)  In contrast, fear is "characterized by anticipation of pain or great distress and accompanied by heightened autonomic activity, [especially] involving the nervous system: agitated foreboding often of some real or specific peril . . . ."  (*Id.* at p. 831, col. 1.)  Fear is synonymous with dread, fright, panic, horror, and terror.  (*Ibid.*) The teacher may have been worried or apprehensive about minor following through on his threats, but the People did not introduce evidence that he suffered fear or mental terror, sustained or otherwise.

The People respond that a victim need not testify that he or she suffered fear as a result of a criminal threat.  The decision in *People v. Ortiz* (2002) 101 Cal.App.4th 410, does not support the People's assertion.  There, the victim testified to being fearful when he was carjacked by the defendant.  (*Id.* at p. 413.)  The Court of Appeal concluded that, although the victim did not testify he was placed in actual fear from a subsequent threat, the only reasonable inference was that the victim was in a state of sustained fear throughout "an uninterrupted series of crimes," and there was no evidence that the

6

victim's fear subsided.  (*Id*. at pp. 416-417.)  Here, there is no evidence that the teacher was placed in fear for his safety by some other act by minor, and that he continued to suffer that fear when defendant made his threat.

The People also rely on *People v. Solis* (2001) 90 Cal.App.4th 1002 (*Solis*) and *People v. Martinez* (1997) 53 Cal.App.4th 1212 (*Martinez*), for the proposition that the surrounding circumstances are relevant to determining whether the victim suffered sustained fear.  Those cases address the relevance of surrounding circumstances for determining whether a threat is sufficiently definite for purposes of section 422 and not in the context of whether the victim suffered sustained fear.  (*Solis*, at pp. 1013-1014; *Martinez*, at p. 1220.)

Section 422 mandates that the victim's sustained fear be both subjectively and objectively reasonable (*In re Ricky T.* (2001) 87 Cal.App.4th 1132, 1140), so the surrounding circumstances are certainly relevant to the objective analysis.  However, because defendant only challenges the evidence of the teacher's *subjective* fear, the surrounding circumstances are somewhat less probative than the teacher's testimony about his reaction to the threat.  In any event, the surrounding circumstances here support minor's assertion that the teacher did not subjectively experience sustained fear.  The teacher testified that he was concerned and that he documented the threat, but he did not recoil from minor or otherwise act in a manner indicative of sustained fear.  To the contrary, when minor told the teacher to "get on" or "get gone," the teacher drew nearer to minor to make sure he heard minor correctly—there is no evidence the teacher moved away from minor when he threatened to "smoke" the teacher.

7

Finally, the People argue that the teacher's testimony about a prior "run-in" with minor is evidence that the teacher was placed in sustained fear from the threat. True, "[t]he victim's knowledge of defendant's prior conduct is relevant in establishing that the victim was in a state of sustained fear." (*Allen*, *supra*, 33 Cal.App.4th at p. 1156, citing *People v. Garrett* (1994) 30 Cal.App.4th 962, 967.) But the teacher was not asked about the prior incident and did not elaborate on it. At most, the teacher's testimony about the prior incident supported his testimony that he was concerned about minor's threat, but it does not demonstrate that he suffered sustained fear from the threat.

## DISPOSITION

The judgment is reversed with respect to minor's adjudication for making a criminal threat as alleged in paragraph 1 of the subsequent petition filed on February 21, 2013. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>McKINSTER</u>
J.

We concur:


<u>HOLLENHORST</u>
Acting P. J.


<u>CODRINGTON</u>
J.

8