Filed 4/17/14 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ZORAN PETROVIC,<br><br>    Defendant and Appellant. | 2d Crim. No. B246250<br>(Super. Ct. No. F458594)<br>(San Luis Obispo County)<br><br>ORDER MODIFYING OPINION AND<br>DENYING REHEARING<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on March 26, 2014, be modified as follows:

1.  On page 4, the first sentence of the first paragraph is changed to read:

> Petrovic concedes the evidence shows he viewed child pornography on the Internet, but claims there is no evidence he knowingly possessed or controlled the images found on his computer.

2.  On page 5, in the sentence beginning on line 6 in the second full paragraph, delete the words "The People acknowledge that" so that the sentence reads:

> This problematic dictum could be read to mean the viewing of child pornography is not a criminal offense under section 311.11.

There is no change in the judgment.

Appellant's petition for rehearing in denied.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ZORAN PETROVIC,<br><br>    Defendant and Appellant. | 2d Crim. No. B246250<br>(Super. Ct. No. F458594)<br>(San Luis Obispo County) |

Defendant Zoran Petrovic appeals a judgment following his felony conviction of possession or control of child pornography with a prior conviction for child molestation. (Pen. Code, § 311.11, subd. (b).)[1]

Petrovic relies on a dictum in *Tecklenburg v. Appellate Division* (2009) 169 Cal.App.4th 1402 to argue that section 311.11 is to be interpreted the same way that *United States v. Kuchinski* (9th Cir. 2006) 469 F.3d 853 interprets a federal child pornography statute. (18 U.S.C. § 2252A(a)(5)(B).) We do not do so because the federal and state statutes are different and subject to different interpretations. However tantalizing, a dictum is not a holding. We affirm.

FACTS

Petrovic was arrested for a parole violation because he was loitering in a park. He suffered a prior conviction for committing a lewd act on a child. A parole

---

[1] All statutory references are to the Penal Code unless otherwise stated.

condition prohibited him from "possessing or having access to any explicit pictures, video tapes or movies" that showed children engaged "in sexual acts."

Petrovic's parole agent told him she would conduct a forensic review of his computer to determine his compliance with parole conditions. Petrovic said, "You'll find nothing on it," and "I am the only one who uses it." The parole agent asked if he uses the Internet. He responded, "I do not have access." The forensic review revealed that he had viewed child pornography on his computer.

At trial, the prosecution and defense stipulated to the introduction of a forensic report by Jeff Joynt, a computer expert who had examined Petrovic's computer. Joynt found "19 videos in a temporary folder" on the computer. He watched "several [of] these videos" and determined "they contain child pornography." Joynt said Petrovic "used sophisticate[d] means to hide his Internet history" and used "software programs to delete and hide files." Petrovic had a "virus protection program," but there was no evidence of any viruses on his computer.

Joynt said, "The video files [he] located in the Temp File were likely left there by mistake when [Petrovic] was transferring them to another location." The evidence of child pornographic material was discovered in "temporary Internet files" (TIF). Joynt said, "It is my belief these temporary files were created when the suspect was accessing the Internet. . . . [Petrovic] neglected to delete the temporary file or did not even know it was created so he could delete it." Joynt determined that on one day Petrovic went to the same child pornography Web site "on three separate occasions."

In a parole report admitted into evidence, Petrovic's parole agent said she reviewed the videos "and observed several that displayed young girls exposing their genitals, a young girl performing oral copulation, and a male adult vaginally penetrating what appears to be an infant."

Petrovic's trial counsel stipulated that there were three videos "that would be considered prohibitive material under [section] 311.11." But he claimed the images "were located in a temporary file as opposed to something that was saved directly on the

hard drive."  Petrovic argues he did not know that his computer had the capability to save files in this fashion.

The trial court found Petrovic violated the statute because:  Petrovic's past history "strongly indicates an interest in prepubescent children"; Petrovic admitted it was his computer and that no other person had access to it; and he had a "unique" computer "deletion program" to erase his Internet browser history.  The court said, "I believe it is a reasonable inference that he said you won't find anything because he didn't think they'd be able to, not because he didn't know it was there."

DISCUSSION

*Section 311.11*

Petrovic contends there is no evidence to support a finding that he knowingly possessed or controlled child pornography on his computer.  He claims the evidence shows only that he used his computer to visit child pornography Web sites.  He argues such conduct is not a crime under section 311.11.

Section 311.11, subdivision (a) provides, in relevant part, "Every person who *knowingly possesses or controls* any matter, representation of information, data, *or image*, including, but not limited to, any film, filmstrip, photograph, negative, slide, photocopy, videotape, video laser disc, computer hardware, computer software, computer floppy disc, data storage media, CD-ROM, or computer-generated equipment or *any other computer-generated image that contains or incorporates in any manner*, any film or filmstrip, the production of which involves *the use of a person under 18 years of age*, *knowing that the matter depicts a person under 18 years of age personally engaging in or simulating sexual conduct . . .* is guilty of a felony . . . ."  (Italics added.)

Section 311.11 contains broad language to achieve a remedial purpose. "The statutory language reflects a far-reaching intent by the Legislature to cover both traditional means of displaying child pornography and the new era of Internet use in an effort to reduce the exploitation of children."  (*Tecklenburg v. Appellate Division*, *supra*, 169 Cal.App.4th at p. 1418.)

3

Petrovic concedes he viewed child pornography on the Internet, but claims there is no evidence he knowingly possessed or controlled the images found on his computer. He claims the data found by law enforcement came from TIF's automatically saved by the computer's "cache" system when he went to Web sites.

"Every time a Web page is accessed on the Internet by the computer, the computer automatically saves the material, without any affirmative action by the computer user, in a TIF." (*Tecklenburg v. Appellate Division*, *supra*, 169 Cal.App.4th at p. 1407.) A cache is a computer "storage mechanism designed to speed up the loading of Internet displays." (*Id*. at p. 1407, fn. 7.) "When a computer user views a webpage, the web browser stores a copy of the page on the computer's hard drive in a folder or directory. That folder is known as the cache, and the individual files within the cache are known as [TIF]." (*Ibid.*)

*Kuchinski*

Petrovic suggests we apply the standard *Kuchinski* used in its interpretation of title 18 of the United States Code section 2252A(a)(5)(B). (*United States v. Kuchinski*, *supra*, 469 F.3d 853.) If he did not know that the cache automatically stores visits to Web sites in a TIF, he could have a defense under the federal act. In *Kuchinski*, the appellate court wrote, "Where a defendant lacks knowledge about the cache files, and concomitantly lacks access to and control over those files, it is not proper to charge him with possession and control of the child pornography images located in those files, without some other indication of dominion and control over the images. To do so turns abysmal ignorance into knowledge and a less than valetudinarian grasp into dominion and control." (*Id.* at p. 863.)

In response to an order of the California Supreme Court that it consider *Kuchinski*, the *Tecklenburg* court concluded that the *Kuchinski* standard does not apply to section 311.11 convictions. The federal and state child pornography statues have a similar underlying goal of protecting children. But the *Tecklenburg* court concluded the California statute covers a broader scope of conduct than its federal counterpart.

4

Consequently, permitted conduct under that federal statute is prohibited conduct under section 311.11.

The *Tecklenburg* court said, "[T]he federal statute does not make it illegal to knowingly possess or control an image of child pornography; only to knowingly possess *the material* containing the image." (*Tecklenburg v. Appellate Division*, *supra*, 169 Cal.App.4th at p. 1418, italics added.) "[F]ederal courts have focused, therefore, on the data stored in the computer's files as that which is illegal under the federal statute to possess." (*Id*. at p. 1419.) "Without knowledge of such files, there can be no 'knowing' possession under the federal statute." (*Ibid*.) But "section 311.11, subdivision (a), is not so limited." (*Ibid.*) It "makes it directly illegal to knowingly 'possess[] or control' any 'image' of child pornography." (*Ibid.*) We agree that *Kuchinski* does not apply here.

*Viewing Child Pornography and Section 311.11*

Petrovic contends his act of viewing child pornography on the Internet is not prohibited by section 311.11, subdivision (a). He relies on language from *Tecklenburg*: "Although a few states *have prohibited the viewing of child pornography,* [fn. omitted] *we do not interpret section 311.11, subdivision (a), as doing so*." (*Tecklenburg v. Appellate Division*, *supra*, 169 Cal.App.4th at p. 1419, italics added.) The People acknowledge that this problematic dictum could be read to mean the viewing of child pornography is not a criminal offense under section 311.11. If this were so, Tecklenburg's judgment of conviction would not have been affirmed. We interpret this dictum to mean that those who unintentionally view child pornography or unknowingly download it on their computers are not in violation of section 311.11.

Petrovic claims the conflicting language in *Tecklenburg* could lead to arbitrary results. He argues there is danger that trial courts could rely on it and rule that "some viewing of child pornography is allowed--the more casual variety, . . . while others are not, with a murkily drawn line somehow having to do with the energy that led to the activity." But *Tecklenburg* does not allow computer users to search for child

5

pornography on the Internet. That would undermine the goal of the statute, which is to protect children from sexual exploitation.

*Tecklenburg* gave examples of conduct that are violative of section 311.11. A computer user contravenes the statute by: 1) "actively downloading and saving [child pornography] to his or her computer," 2) "printing it," or 3) "e-mailing it." (*Tecklenburg v. Appellate Division*, *supra*, 169 Cal.App.4th at p. 1419, fn. 16.) In *Tecklenburg*, the defendant repeatedly searched the Internet for child pornography and he viewed those pornographic images on his computers. The court noted he was "manipulating the display of such images on his computer screen" and "enlarged some of the images from thumbnail views." (*Ibid.*) Because he "knowingly possessed or controlled images of child pornography" on his computer, he violated the statute. (*Ibid.*) There "was no need for additional evidence that defendant was aware of the TIF's or cache in order for defendant to have violated section 311.11, subdivision (a)." (*Ibid.*)

The *Tecklenburg* holding is consistent with the statute. "By its plain terms, *section 311.11 includes an image of child pornography as it is displayed on a computer screen as an object that can be knowingly possessed or controlled*." (*Tecklenburg v. Appellate Division*, *supra*, 169 Cal.App.4th at p. 1418, italics added.) "We conclude defendant here *knowingly possessed or controlled images of child pornography in violation of section 311.11, subdivision (a), because the evidence . . . demonstrates defendant intentionally used his home and work computers to find*, *access, and peruse through quantities of child pornography, manipulating the display of such images on his computer screen*." (*Id.* at p. 1419, italics added.)

The People cite *People v. Kent* (2010) 910 N.Y.S.2d 78, a New York Supreme Court Appellate Division opinion, which cites *Tecklenburg* and discusses the California statute. The People note that it states the standard applicable to this case. It also provides a clear standard to differentiate between the type of viewing that is exempt and the type that is prohibited. The *Kent* court said, "By accessing the Web sites, the defendant has the ability to manipulate, download, copy, print, save, or e-mail the

6

images; it is not important whether he chooses to engage in these additional activities 'because *intentionally seeking out child pornography and purposefully making it appear on the computer screen*--for however long the defendant elects to view the image--itself constitutes knowing control . . . .'" (*Id.* at p. 88, italics added.)  "The consistent thread in these cases is *the need to distinguish inadvertent or unintentional acquisition or possession of the offensive material from knowing or intentional procurement and possession . . . .*" (*Ibid.*, italics added.)  "'The relevant inquiry thus becomes whether the defendant knowingly possessed the images, in that he exerted some control over them, . . . or whether the presence of the images on his computer was merely inadvertent. This inquiry is a question of fact.'" (*Id.* at p. 89.)

*Substantial Evidence*

Petrovic contends there is no substantial evidence to support the judgment.

"The role of an appellate court in reviewing the sufficiency of the evidence is limited." (*People v. Ceja* (1993) 4 Cal.4th 1134, 1138.)  We review the record in the light "'most favorable to the judgment.'" (*Ibid.*)  We do not weigh the evidence or decide the credibility of the witnesses. (*People v. Belcher* (1961) 189 Cal.App.2d 404, 407.)  But substantial evidence to support a criminal conviction must be "reasonable, credible, and of solid value." (*People v. Clark* (2011) 52 Cal.4th 856, 942.)  "'[M]ere speculation cannot support a conviction.'" (*People v. Bohana* (2000) 84 Cal.App.4th 360, 368.)

Petrovic contends "there was no evidence of any unusually deliberate sort of control of the computer beyond that which is inherent to getting any images onto a screen."  We agree that Petrovic's conduct was not identical to the actions of the *Tecklenburg* defendant.  Here there is no evidence that Petrovic enlarged images on his computer screen.

But there is sufficient evidence for the trial court to reasonably infer that Petrovic had "intentionally used his home" computer "to find, access, and peruse through quantities of child pornography" and to deliberately display such images on his computer screen. (*Tecklenburg v. Appellate Division*, *supra*, 169 Cal.App.4th at p. 1419.)  Joynt's

7

report shows that Petrovic repeatedly visited child pornography Web sites. Petrovic's parole conditions prohibited him from viewing that material. He told his parole agent that he lacked access to the Internet. This false statement is indicative of his consciousness of guilt. At trial, Petrovic stipulated that three videos were "prohibited material under [section] 311.11." Petrovic has made no showing that his case involves the "inadvertent or unintentional acquisition or possession of the offensive material." (*People v. Kent*, *supra*, 910 N.Y.S.2d at p. 88.) Moreover, the trial court could find from the evidence that Petrovic had knowledge of and access to the TIF's. Joynt said that "[t]he video files [he] located in the Temp File were likely left there by mistake when [Petrovic] *was transferring them to another location*." (Italics added.) This is probative evidence that Petrovic used sophisticated techniques to conceal his visits to Web sites.

The judgment is affirmed.

CERTIFIED FOR PUBLICATION.


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.

8

Barry T. LaBarbera, Judge

Superior Court County of San Luis Obispo

_____

John Derrick, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Linda C. Johnson, Supervising Deputy Attorney General, Gary A. Lieberman, Deputy Attorney General, for Plaintiff and Respondent.