Filed 8/21/15  P. v. Shepherd CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>WILLIAM CHARLES SHEPHERD, SR.,<br><br>    Defendant and Appellant. | F068228<br><br>(Super. Ct. No. 1426993)<br><br>**OPINION** |

-----

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Ricardo Cordova, Judge.

Benjamin Owens, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and John G. McLean, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

-----

[*]    Before Gomes, Acting P.J., Kane, J. and Franson, J.

# INTRODUCTION

Appellant William Charles Shepherd, Sr., was convicted at the conclusion of a bench trial of the possession of an image of a minor engaged in sexual conduct (Pen. Code, § 311.11, subd. (a)).[1] Appellant was placed on probation for three years. As a condition of his probation, the trial court prohibited appellant from being in the company of minor children unless a responsible adult approved by the probation officer is present.

Appellant challenges the sufficiency of the evidence to sustain his conviction for the knowing possession or control of child pornography. Although he concedes that the images on his computer depict child pornography, appellant denies he knowingly possessed the images. Appellant further contends that the probation condition prohibiting him from being in the company of minors unless accompanied by an approved adult must be modified to include a knowledge requirement. We affirm, but order a modification to the probation condition.

# FACTS

On June 29, 2009, while investigating a separate matter involving appellant, Modesto Police Detective Robert Rodenburg seized a computer from the garage of appellant's residence. Appellant confirmed the computer belonged to him and that he was the sole user. He indicated he kept the computer in a garage that he typically locked. Appellant executed a consent form for the removal of the computer, as well as a forensic search.

At trial, Merced County Sheriff's Deputy John Mussotto testified he conducted a forensic review of appellant's computer and that the computer contained child pornography[2] — images of minors under the age of 18 years old, engaging in or

---

[1]     All undesignated statutory references are to the Penal Code unless otherwise indicated.

[2]     Approximately 19 images were submitted as evidence at trial.

simulating sex acts, or images depicting the sexual organs of a minor. The images, located in a temporary file folder on appellant's computer,[3] were linked to Web sites advertising "Lollas," "Lolly," "Lollaz," "Little Lollas," "little girls," among other terms commonly associated with child pornography.

Some of the images appeared to be pop-ups, unrequested advertisements that appear automatically by visiting a Web site. At trial, the court remarked that some of the children in these advertisements appeared to be as young as four years old. The non-pop-up images appeared to be teaser images, sample images provided by a Web site to entice a user into purchasing subscription content. With the exception of one non-pop-up image accessed on June 8, 2009 at 1:07 a.m., all of the images were accessed within the same three to four minute timeframe on June 9, 2009, around 12:50 a.m.

On December 7, 2010, appellant was questioned by Detective Rodenburg. Appellant admitted that he has looked at pornographic images of teenagers, and more than 10 images of unclothed children, some as young as 12 years old. When Detective Rodenburg told appellant images of children were found on his computer, appellant did not deny that he had viewed them. He stated that he knew he should not have looked at the images, but he did. Appellant explained that when he initially visited a Web site, pornographic materials would appear in pop-ups. Appellant became addicted and would watch all content that popped-up. After that, he began accessing adult Web sites where lists of pornographic genres would populate; when appellant looked at Web sites affiliated with these genres, pop-ups advertising pornography would appear.

Focusing its discussion on the non-pop-up images, the court held these images were within appellant's knowing possession and control because he had to take

---

**3** A temporary file folder contains images, texts, and scripts which are automatically downloaded from a Web site the first time a user accesses a Web site. If the user returns to the Web site, the software accesses images from the temporary Internet file rather than reloading data from the Web site as a time-saving mechanism.

affirmative steps to produce them. The court also found appellant must have known about the nature of the Web sites he was visiting because the pop-ups he clicked on to access the Web sites advertised using terms associated with child pornography and images displaying the obviously immature bodies of young girls engaged in or simulating sex acts, or displaying the sexual organs of young girls.

## DISCUSSION

### *Sufficiency of the Evidence*

The test of sufficiency of the evidence is whether, reviewing the whole record in the light most favorable to the judgment below, substantial evidence is disclosed such that a reasonable trier of fact could find the essential elements of the crime beyond a reasonable doubt. (*People v. Delgado* (2008) 43 Cal.4th 1059, 1067; *People v. Johnson* (1980) 26 Cal.3d 557, 578; *People v. Xiong* (2013) 215 Cal.App.4th 1259, 1268.) Substantial evidence is evidence which is "reasonable, credible, and of solid value." (*Johnson*, *supra*, 26 Cal.3d at p. 578.) In reviewing a record for substantial evidence, an appellate court must not reweigh the evidence (*People v. Culver* (1973) 10 Cal.3d 542, 548), reappraise the credibility of the witnesses, or resolve factual conflicts, as these are functions reserved for the trier of fact (*In re Frederick G.* (1979) 96 Cal.App.3d 353, 367).

An appellate court can only reject evidence accepted by the trier of fact when the evidence is inherently improbable and impossible of belief. (*People v. Maxwell* (1979) 94 Cal.App.3d 562, 577.) Our sole function is to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*Jackson v. Virginia* (1979) 443 U.S. 307, 319; *People v. Marshall* (1997) 15 Cal.4th 1, 34.)

Appellant challenges the sufficiency of the evidence underlying his conviction for the knowing possession or control of child pornography (§ 311.11, subd. (a)), asserting

4.

that his action of clicking on a banner advertisement does not constitute knowing possession or control.

Section 311.11, subdivision (a), prohibits the knowing possession or control of an image, including one displayed on a computer screen, which contains or incorporates a person under 18 years of age engaging in or simulating sexual conduct. (*Tecklenburg v. Appellate Division* (2009) 169 Cal.App.4th 1402, 1418 (*Tecklenburg*).) A defendant may be found to be in knowing possession or control within the meaning of the statute, even where such images are unknowingly stored to a temporary Internet file. (*Id.* at p. 1419 [the defendant's knowledge of child pornography on temporary Internet files is evidence of knowing possession or control but not dispositive, as distinguished from the federal standard]; see generally *United States v. Romm* (9th Cir. 2006) 455 F.3d 990, 1000 [under the federal standard, "the defendant must, at a minimum, know that the unlawful images are stored on a disk or other tangible material in his possession."].)

California appellate courts have cited examples of conduct evidencing knowing possession or control under section 311.11, subdivision (a). In *Tecklenburg*, the court affirmed the defendant's conviction where he viewed multiple child pornography Web sites, accessing material past the homepages; viewed some images multiple times on different computers; enlarged thumbnail images; and made spontaneous statements to police demonstrating a consciousness of guilt. (*Tecklenburg*, *supra*, 169 Cal.App.4th at p. 1413.) The court explained that knowing possession or control of child pornography may be proven by printing, e-mailing, actively downloading and saving such material to a computer, or even a defendant's knowledge or manipulation of temporary Internet files, but "such knowledge is not an essential predicate for knowing possession and control of computer-generated images of child pornography." (*Id.* at p. 1419, fn. 16.) In its opinion, the court expressly declined to interpret section 311.11, subdivision (a), as prohibiting the mere viewing of child pornography. (*Tecklenburg, supra,* 169 Cal.App.4th at p. 1419.)

Other cases where knowing possession or control were found are in accord with the examples discussed in *Tecklenburg*. (See *People v. Mahoney* (2013) 220 Cal.App.4th 781, 793 [the defendant conducted Internet searches for child pornography; accessed pornographic Web sites on three different computers; enlarged thumbnail images; and partially downloaded and then deleted videos]; *People v. Luera* (2001) 86 Cal.App.4th 513, 523 [knowing possession found where the defendant purposefully downloaded images and kept them on his hard drive].)

Similarly, in *People v. Petrovic* (2014) 224 Cal.App.4th 1510 (*Petrovic*), the court found knowing possession or control based on the defendant's repeated visits to child pornography Web sites; his use of sophisticated efforts to hide files and Internet history; his false statement that he had no access to Internet, evidencing a consciousness of guilt; and the presence of video files in his temporary Internet files, which likely appeared after he attempted to transfer them. The court held that intentionally seeking out child pornography and making it appear on a computer screen for any length of time constitutes knowing control; it is not important whether a defendant actually exercises that control by manipulating, downloading, copying, printing, saving, or e-mailing such images. (*Id.* at pp. 1516-1518.) While *Tecklenburg* declined to find the mere viewing of child pornography prohibited under section 311.11, subdivision (a), *Petrovic* found that only the *unintentional* viewing of child pornography was not prohibited under section 311.11, subdivision (a), reasoning that to permit intentional viewing would eviscerate the purpose of the statute, "to protect children from sexual exploitation." (*Petrovic, supra*, at pp. 1515-1516.)

We need not resolve which distinction is correct. The common thread among these decisions is whether the defendant exerted some control over images of child pornography by seeking them out, demonstrating knowing possession, or whether the presence of such images was merely inadvert or unintentional. (*Petrovic*, *supra*, 224

6.

Cal.App.4th at pp. 1516-1517.)  The facts of the instant case demonstrate appellant intentionally sought out images of child pornography.

Appellant related that he was the sole user of the computer, which he kept in a garage he typically locked.  Thus, appellant had primary, if not sole, access to the computer.

During police questioning, he admitted to looking at images of unclothed children as young as 12 years old, at least 10 times, and did not deny he had viewed the images of children discovered on his computer.  Once a pop-up advertisement would appear, appellant described himself as addicted; he would look at all content that popped-up, including images of children he knew he should not be looking at.  Appellant's statements demonstrate a consciousness of guilt.  (*Tecklenburg*, *supra*, 169 Cal.App.4th at p. 1413 [the defendant's statements,  "'if [pornography] popped up, I couldn't help [but watch] it[,]'" and  "'My life is over[,]'" demonstrate a consciousness of guilt].)  Further, his statements evidence that his conduct was intentional and not merely inadvertent.

Deputy Mussotto's testimony confirmed that some of the images found in appellant's temporary Internet files were downloaded from child pornography Web sites, rather than from passively viewing a pop-up advertisement.  These images were received onto appellant's temporary Internet files over the course of two days, plainly demonstrating a pattern of ongoing and intentional conduct.

The pop-ups advertised using terms commonly associated with child pornography and depicted children engaged in or simulating sexual conduct, some as young as four years old.  Considering the content of the pop-up advertisements, the nature of the Web sites advertised would have been readily apparent.  Thus, appellant intentionally sought out child pornography by deliberately accessing Web sites containing child pornography.

Appellant's admission to purposefully viewing child pornography, his habit of accessing all pop-up advertisements for pornography, the readily apparent nature of the

7.

Web sites advertised by the pop-ups, as well as the fact that some of the images at issue were derived from Web sites, rather than pop-ups, over the course of two days, support the trial court's conclusion that appellant intentionally accessed pop-up banners advertising child pornography. Viewing the evidence in the light most favorable to the judgment below, we find that the evidence in the instant case was sufficient to find that appellant knowingly possessed or controlled child pornography.

***Probation Condition***

As a condition of his probation, the trial court prohibited appellant from being in the company of minor children unless a responsible adult approved by the probation officer is present. Appellant contends this condition is unconstitutionally vague and must be modified to include a knowledge requirement. We agree.

While a trial court has broad discretion to prescribe probation conditions to foster rehabilitation and protect public safety, such conditions are subject to challenge for being unconstitutionally overbroad and vague. (*People v. Freitas* (2009) 179 Cal.App.4th 747, 750; *People v. Lopez* (1998) 66 Cal.App.4th 615, 624, 630.) "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*).) A court may modify probation conditions when necessary to correct such constitutional infirmities. (*Id.* at p. 892; *People v. Turner* (2007) 155 Cal.App.4th 1432, 1436 (*Turner*).)

In *Sheena K.,* a minor was placed on probation subject to various conditions, including that she "'not associate with anyone disapproved of by probation.'" (*Sheena K., supra,* 40 Cal.4th at p. 878.) The court held that "in the absence of an express requirement of knowledge," the probation condition was unconstitutionally vague because it "did not notify defendant in advance with whom she might not associate through any reference to persons whom defendant knew to be disapproved of by her

probation officer." (*Id.* at pp. 891-892.) The court held that to render the probation condition constitutional, a modification imposing "an explicit knowledge requirement" was required. (*Id.* at p. 892.)

Similarly, in *Turner,* the trial court ordered the defendant, as a condition of probation, "'[n]ot associate with persons under the age of 18 unless accompanied by an unrelated responsible adult.'" (*Turner, supra,* 155 Cal.App.4th at p. 1434.) The *Turner* court held the probation condition was vague and overbroad because a person "may reasonably not know whether he or she is associating with someone under the age of 18. Fair notice, as described in *Sheena K.,* is not possible unless the probation condition is modified to require that defendant must either know or reasonably should know that persons are under 18 before he is prohibited from associating with them." (*Id.* at p. 1436.) The court modified the condition to state that the defendant was prohibited from associating "'with persons he knows or reasonably should know to be under the age of 18 unless accompanied by a responsible adult unrelated to defendant.'" (*Ibid.*)

Here, as in *Sheena K.* and *Turner,* the court's probation condition is unconstitutionally vague in the absence of an express requirement of knowledge. (*Sheena K., supra,* 40 Cal.4th at p. 891.) Appellant could be found to be in violation of his probation by associating with someone under the age of 18, without his knowledge. Therefore, we order a modification to the judgment to include the requisite knowledge element to the condition of probation that appellant shall not have any contact with any person he knows, or reasonably should know, is under the age of 18 years.

## DISPOSITION

The order of probation dated August 19, 2013 is modified as follows: probation condition number 5 under the section entitled "Sexual Offender/AIDS Testing" is modified (as italicized) to state, "Do not be in the company of minor children *defendant knows or reasonably should know to be under the age of 18 years* unless a responsible adult approved by the Probation Officer is present."

9.

The trial court is directed to forward copies of the corrected judgment and order of probation to appellant and to the probation department. In all other respects, the judgment is affirmed.