Filed 10/13/15  P. v. Waters CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL JAMES WATERS,<br><br>        Defendant and Appellant. | A139439<br><br>(Humboldt County<br>Super. Ct. No. CR1300492) |

**I.**

**INTRODUCTION**

Appellant Michael James Waters was convicted of both possession of child pornography pursuant to Penal Code section 311.11, subdivision (a) (section 311.11(a)) (count one) and possession of child pornography with a prior conviction requiring registration under the Sex Offender Registration Act pursuant to section 311.11, subdivision (b) (section 311.11(b)) (count two).[1]  Appellant contends that both convictions must be reversed because section 311.11(b) is a penalty provision, not a separate offense, and therefore it was prejudicial error for the trial court not to bifurcate the issue of his prior conviction at trial.  If subdivision (b) is a separate offense, then he asserts that it violated the double jeopardy clause of the federal Constitution for him to be convicted of the same crime twice based on the same course of conduct.  At a minimum,

_____

[1]  All subsequent statutory references are to the Penal Code.

he argues, and respondent concedes, count one must be vacated as a lesser included offense of count two.

We need not decide whether section 311.11(b) is a separate crime from section 311.11(a) because, assuming it is not, and assuming further that it was error for the trial court not to bifurcate appellant's prior sex crime conviction from the guilt phase of his trial, any such error was harmless.

As to the balance of the contentions raised by appellant, we accept the parties agreement that assuming the two counts properly state separate offenses, then count one was a lesser included offense to count two, and must be vacated.[2]

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. *Evidence at Trial*

Two Arcata police officers responded to a call reporting a habitual camper, a violation of local law. The officers arrived at a van with its windows covered with cardboard or sheets. The officers knocked on the door of the van for approximately seven to ten minutes. Appellant came out of the van, locked the door, and hid the key. Pursuant to a parole search, the officers searched the van and found a laptop computer and external hard drive. One officer looked through the computer files and the browser, but did not find anything illegal. The officers elected to seize both the laptop and hard drive for further analysis.

---

[2] Regardless of whether section 311.11(b), if proved, constitutes a separate offense or is simply a penalty enhancement that attaches to a conviction under section 311.11(a), the net result of our vacating appellant's conviction for count one is that he stands convicted of a single count of possession of child pornography with an enhancement for having a prior conviction subject to registration, within the meaning of section 311.11(b). For this same reason we need not, and do not, decide whether the rationale underlying *People v. Muhammad* (2007) 157 Cal.App.4th 484 is applicable here. However, we note that at least one appellate court has affirmed a separate conviction under subdivision (b) in a published opinion. (See *People v. Petrovic* (2014) 224 Cal.App.4th 1510.)

2

Richard Grimm, a forensic examiner with the Humboldt County District Attorney's Office, conducted an examination of the laptop. Grimm was not able to break the encryption on the hard drive so he was unable to examine the data contained on it. In examining the laptop, he discovered there were three accounts: an administrator account, a guest account, and one called "Michael." He found approximately 300 images of child pornography in the laptop Internet history cache and other images in deleted files. Grimm also recovered Internet searches that included the words: Lolita, "PTHC" (a commonly used term for pre-teen hardcore), and child pornography. Grimm also found Bit Torrent, a file-sharing program, which contained a folder entitled "66 photos of under-aged nude girls."

At trial, appellant testified that he did not use the laptop to search the Internet for child pornography. He claimed he purchased the laptop from a person also named Michael. Appellant said he was "not computer savvy." He testified that the child pornography was already on the computer or the police planted it there, but that it was not his.

On cross-examination, he admitted that he had prior convictions for setting fire to a police car, false imprisonment, and second degree sexual assault. As a result of the sexual assault conviction, he was required to register as a sex offender. The court admitted exhibit four, a copy of appellant's conviction in Texas for sexual assault, and exhibit five, a notice of his sex offender registration.

### B. Bifurcation Motion and Jury Instructions

Appellant filed a motion in limine to bifurcate his prior conviction and sex offender registration. He argued that section 311.11(a) criminalizes possession of child pornography, and section 311.11(b) "elevates the punishment for the same offense" where a defendant has been convicted of an offense requiring sex offender registration. He asserted that the issue of the prior conviction is relevant to punishment only and had no bearing on the charged offense. He also moved to exclude his 1998 sexual assault conviction if he elected to testify. He argued under *People v. Beagle* (1972) 6 Cal.3d 441, abrogated on other grounds in *People v. Diaz* (2015) 60 Cal.4th 1176, that the

3

conviction was remote in time, did not demonstrate dishonesty, and was unduly prejudicial.

The court held a hearing on the motion, and appellant argued the prior conviction was not an element of the offense in the way being a felon in possession of a firearm is an element. Instead, it was a "status enhancement" rather than a "conduct enhancement." Counsel pointed out that section 311.11(b) contained the same elements as section 311.11(a) and was "simply a matter of punishment" that should not be presented to the jury.

The court concluded count one was a "wobbler" and count two was a separate offense carrying a different term. The court stated that for count two, the conviction of an offense requiring registration was "an element that the People are required to prove to the jury." The court concluded that because the People did not elect to stipulate to the prior conviction, it must be presented to the jury.

The court next addressed appellant's motion to have his 1998 sexual assault conviction excluded as impeachment if he testified. The court found that because the conviction would be admitted to prove count two, the information would already be before the jury. The prosecution added that the prior sex offense could come in for impeachment purposes as a crime of moral turpitude.

The jury was instructed separately as to section 311.11(a) and (b), with the added element that to convict appellant of subdivision (b), the jury must find: "[t]he defendant has been previously convicted of an offense requiring registration under the Sex Offender Registration Act." The jury convicted appellant of both counts.

### C. New Trial Motion and Sentencing

Appellant moved for a new trial on the grounds that the court erred in refusing to bifurcate his prior conviction for sexual assault. The court concluded that the prosecution was required to prove the prior conviction as an element of the offense. This was different from a prior prison term, which is a status offense and is an enhancement for sentencing purposes, not an element of the offense.

4

The court stayed the sentence on count one because section 654 prohibited the imposition of two separate terms for the same course of conduct. The court stated "the first count was simply possession. The second count, that same possession but with [a] prior conviction." The court ordered count one "stayed pending sentencing on the greater count." The court sentenced appellant to prison for a period of six years.[3]

## III.

## DISCUSSION

Appellant primarily contends that his convictions on both counts must be reversed because the trial court erred in failing to bifurcate the issue of his prior sexual assault conviction and duty to register as a sex offender. Underlying his contention is his belief that count 1 is not a separate offense from count 2. He claims that section 311.11(a) sets forth the substantive crime of possession of child pornography and section 311.11(b) is a penalty provision, claiming the rationale employed by Division Five in its decision in *People v. Muhammad*, *supra*, 157 Cal.App.4th 484 is applicable here. As noted, we do not and need not decide whether appellant's contention is correct because, even assuming it is, any error in denying his pretrial motion to bifurcate was harmless.[4]

---

[3] Later in the sentencing hearing, the court incorrectly stated that "[t]he other assessments, Count Two, will be stayed pending completion of the sentence for Count One." The minute order, however, reflects a sentence of six years on count two and a two-year sentence on count one that was stayed.

[4] In his opening brief, appellant argues that if this issue was forfeited because of the failure of his counsel to raise the issue by way of a demurrer to the information, under *People v. Upsher* (2007) 155 Cal.App.4th 1311, then it was ineffective assistance of counsel not to file a demurrer to the information. Respondent does not argue forfeiture on appeal, and because we need not decide whether counts one and two state separate crimes, we also need not decide either the issue of forfeiture, nor ineffective assistance of counsel. (See *id*. at p. 1318; *People v. Goldman* (2014) 225 Cal.App.4th 950, 952-953 [defendant could not demonstrate ineffective assistance of counsel because it was not reasonably probable defendant would have obtained a better result if defense counsel had demurred to the information].)

5

***A. Appellant Cannot Demonstrate Prejudice from Introduction of his Prior Sexual Assault Conviction at Trial***

As we noted in this opinion's Introduction, appellant's principle argument is that his conviction on either count must be reversed because the court erroneously refused to bifurcate evidence about his prior sex offense and this prejudiced him before the jury as to the issue of guilt of possession of child pornography. He argues allowing the jury to learn he was a registered sex offender undermined his credibility and was "highly inflammatory." Appellant further contends that the trial court abused its discretion in admitting the prior convictions without properly weighing the potential prejudice to him.

The prosecution admitted two exhibits, without objection, to prove appellant had a prior conviction requiring that he register as a sex offender. Exhibit four consisted of certified conviction documents from a 1998 sexual assault conviction in Texas. The exhibit included the grand jury indictment that alleged the details of the offense including intentional and knowing oral and vaginal penetration of the victim while placing her in fear of death or serious bodily injury. Exhibit five was appellant's sex offender registration form that listed him as "transient" and "unemployed."

Appellant argues the court failed to weigh properly whether this evidence unduly prejudiced him, relying on *People v. Calderon* (1994) 9 Cal.4th 69 (*Calderon*). *Calderon* held that a trial court has discretion to bifurcate a prior conviction, but is not required to do so if the defendant will not be unduly prejudiced by the unitary trial. (*Id.* at p. 72.) Bifurcation is not required in cases where the jury would still learn of the existence of the prior conviction before returning a guilty verdict. (*Id.* at p. 78.)

Even accepting appellant's argument that the trial court should have bifurcated the issue of his prior conviction until he was found guilty of possession of child pornography, ultimately there was no prejudice from the admission of the evidence that he had a prior conviction for sexual assault. The same evidence was admitted appropriately to impeach appellant when he testified at trial, as that prior was a crime of moral turpitude: "[T]he degrading use of another, against her will, for one's own sexual arousal is deserving of moral condemnation. We hold that sexual battery is a crime of moral turpitude." (*People*

*v. Chavez* (2000) 84 Cal.App.4th 25, 29-30 [crimes of moral turpitude include crimes that indicate a " ' "general readiness to do evil," ' " or demonstrate moral depravity of any kind that have " ' "some 'tendency in reason' [citation] to shake one's confidence in [the person's] honesty" ' "].)

Appellant is, however, correct that the scope of the evidence admitted only for impeachment purposes should have been more limited, and should not have included the details about the prior sex offense in exhibit four. But, even if it was error to admit some of the details surrounding appellant's sexual assault crime during the trial as to count one, it too was harmless. "[S]tate law error in admitting evidence is subject to the traditional *Watson* test: The reviewing court must ask whether it is reasonably probable the verdict would have been more favorable to the defendant absent the error. . . ." (*People v. Partida* (2005) 37 Cal.4th 428, 439, citing *People v. Watson* (1956) 46 Cal.2d 818, 836 (*Watson*).)

It is not reasonably probable that if the trial court had bifurcated the evidence about appellant' prior sexual assault conviction, the verdict would have been more favorable to him. The prosecution presented overwhelming evidence that appellant possessed child pornography on his computer. When officers knocked on the door of appellant's van, it took him seven to ten minutes to open the door, and then he attempted to lock them out. The user account on the computer was in appellant' first name, Michael. There were 300 child pornography images in the laptop Internet history cache and other images in deleted files. The forensic examiner also found Bit Torrent, a file-sharing program that contained a folder entitled "66 photos of underaged nude girls." Appellant admitted using Bit Torrent but claimed it was for music, movies, and automotive books.

The only contrary evidence was appellant's testimony that he happened to purchase the computer from someone with the same first name as his, and that person was responsible for the child pornography. In his own testimony, appellant stated the other Michael was responsible or "perhaps the police planted it there, but of course, that's

7

a purple unicorn theory." This statement reveals that even appellant recognized the implausible nature of his defense.

Further, when appellant elected to testify, the prosecution was able to impeach him with three prior convictions, only one of which included the sexual assault conviction. Our Supreme Court has held that where a trial court erred in admitting a defendant's prior convictions for rape and murder, the error was harmless given the substantial evidence of guilt and the fact the convictions could have been used to impeach defendant. (*People v. Gurule* (2002) 28 Cal.4th 557, 609.) "Considering together the availability of the prior felony conviction for impeachment, the strong evidence of defendant's guilt, and the fact his version of the crime reached the jury, we conclude the trial court's error was harmless under []*Watson*[, *supra*,] 46 Cal.2d [at p.] 836 . . . . [Citations.]" (*People v. Gurule*, at p. 609.)

Therefore, we conclude that it was proper to admit the evidence of appellant's prior conviction for sexual assault as impeachment evidence, and that even if the scope of the evidence admitted was error, it did not prejudice appellant's trial as to the underlying offense.

### B. Appellant's Conviction on Count One Must Be Reversed

" ' "Under California law, a lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in the accusatory pleading, include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser. [Citations.]" [Citation.]' " (*People v. Upsher*, *supra*, 155 Cal.App.4th at p. 1319, quoting *People v. Medina* (2007) 41 Cal.4th 685, 701.) "When section 954 permits multiple conviction[s], but section 654 prohibits multiple punishment, the trial court must stay execution of sentence on the convictions for which multiple punishment is prohibited. [Citations.]" (*People v. Reed* (2006) 38 Cal.4th 1224, 1227.) "However, an exception to this general rule allowing multiple convictions prohibits multiple convictions based on necessarily included offenses. [Citations.]" (*People v. Medina*, at p. 701.)

As we have already observed both parties agree that assuming counts one and two are both substantive offenses, then possession of child pornography (count one) is a lesser included offense of possession of child pornography with a prior conviction requiring registration as sex offender (count two).  The greater offense of a violation of section 311.11(b) cannot be committed without also committing a violation of section 311.11(a). (See *People v. Upsher*, *supra*, 155 Cal.App.4th at pp. 1320-1321.)

" 'When the jury expressly finds defendant guilty of both the greater and lesser offense . . . the conviction of [the greater] offense is controlling, and the conviction of the lesser offense must be reversed.' . . ." (*People v. Milward* (2011) 52 Cal.4th 580, 589, quoting *People v. Moran* (1970) 1 Cal.3d 755, 763.)

Therefore, we vacate appellant's conviction for count one, leaving only his conviction for the greater crime alleged in count two to remain.

## IV.

## DISPOSITION

Appellant' conviction for count one, section 311.11(a), is vacated, and count two, section 311.11(b), is affirmed.

_____
RUVOLO, P. J.

We concur:


_____
RIVERA, J.


_____
STREETER, J.

A139439, *People v. Waters*