[No. E007941. Fourth Dist., Div. Two. Feb. 4, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
KENNETH D. THORNTON et al., Defendants and Appellants.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts B, C, and D.

## COUNSEL

Peter G. Berling and Maureen J. Shanahan, under appointments by the Court of Appeal, for Defendants and Appellants.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Rudolf Corona, Jr., and William M. Wood, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**McKINSTER, J.**—Following a jury trial, defendants Nugent and Thornton were convicted of robbing Debra Young and Mark Horton on December 19, 1988. (Pen. Code, § 211.)[1] Both appeal. We affirm.

### CONTENTIONS

Defendant Nugent raises three alleged errors. First, contending that section 422 is not a crime of moral turpitude, he claims that the trial court improperly permitted him to be impeached on the basis of a prior conviction of that offense. Second, assuming that impeachment with that conviction was permissible, he asserts that he should have been allowed to ameliorate the effect of that conviction by explaining the circumstances surrounding the offense. Third, he argues that the trial court erred by failing to grant his motion for mistrial on the basis of a brief reference to incriminating evidence which was later determined to be inadmissible under Evidence Code section 352.

Thornton makes a single contention: that the trial court abused its discretion when it prevented him from cross-examining Young on certain issues of credibility.

---

[1]Unless specified otherwise, all further section references are to sections of the Penal Code.

We find no merit in the contentions of either defendant.

## DISCUSSION

### A. PENAL CODE SECTION 422 IS A CRIME OF MORAL TURPITUDE.

Defendant Nugent testified in his own behalf. He stated that he had been living in Trona for two weeks at the time of the robbery, but denied leaving the trailer where he was staying on that day, denied ever having seen either Young or Horton, denied having participated in the robbery of either of them, and denied ever having been to the site of the robbery. Over Nugent's objection, the People were allowed to impeach Nugent on the basis of his prior conviction of violating section 422. On appeal, Nugent continues to argue that the impeachment was improper, because section 422 is not a crime of moral turpitude.

■ Because due process prohibits conviction on the basis of the consideration of irrelevant evidence, a witness may not be impeached with a prior felony conviction unless that conviction is relevant to the witness's veracity. (*People v. Castro* (1985) 38 Cal.3d 301, 313-314 [211 Cal.Rptr. 719, 696 P.2d 111].) Accordingly, a particular felony conviction may be used to impeach a witness only if the following question can be answered in the affirmative: " 'Can it be said with substantial assurance that the credibility of a witness is adversely affected by his having suffered this conviction?' " (*Id.*, p. 313.) The *Castro* court characterized felonies which passed this test as being ones which involve "moral turpitude." (38 Cal.3d p. 314.)

The court divided crimes of moral turpitude into two classes. The first are those of which a necessary element is dishonesty. It noted that it is easy "to infer that a witness is lying if the felony of which he has been convicted involves dishonesty . . . ." (38 Cal.3d p. 315.)

The court made it clear, however, that the same inference of a readiness to lie was reasonable in the second class of felonies: those in which dishonesty is not an element, but the crime necessarily indicates a " 'general readiness to do evil.' " (38 Cal.3d at p. 315.) Although the inference is not as compelling in the latter case, "it is undeniable that a witness's moral depravity of any kind has some 'tendency in reason' (Evid. Code, § 210) to shake one's confidence in his honesty." (*Ibid.*)

■ In deciding whether a prior felony conviction is admissible to impeach a witness, the trial court "cannot go behind the conviction and take evidence on or consider the facts and circumstances of the particular offense" (*People v. Mansfield* (1988) 200 Cal.App.3d 82, 87 [245 Cal.Rptr.

800]), because that would result in a confusion of issues and unfair surprise to the defendant (*People* v. *Castro, supra,* 38 Cal.3d at p. 317). Instead, the court must look to the statutory definition of the particular crime to determine whether "the least adjudicated elements of the conviction necessarily involve moral turpitude" (*ibid.*), that is, whether they "necessarily evince any character trait which can reasonably be characterized as 'immoral'" (*id.,* p. 317, fn. 13).

Nugent suffered the prior conviction in 1989, at which time Penal Code section 422 provided in relevant part: "Any person who willfully threatens to commit a crime which will result in death or great bodily injury to another person, with the specific intent that the statement is to be taken as a threat, even if there is no intent of actually carrying it out, which, on its face and under the circumstances in which it is made is so unequivocal, unconditional, immediate, and specific as to convey to the person threatened a gravity of purpose and an immediate prospect of execution . . . , shall be punished by imprisonment in the county jail not to exceed one year, or by imprisonment in the state prison if he or she causes another person reasonably to be in sustained fear for his or her or their immediate family's safety."

█  Focusing on the fact that the statutory definition does not require an intent to actually carry out the threatened injury, Nugent argues that the crime does not necessarily indicate moral turpitude. In doing so, he likens the offense to battery. (§ 243.)  █  Battery is committed whenever there is the slightest intentional touching, even though there is no intent to harm, and even though the degree of force used is unlikely to cause harm. Since section 243 does not require an intention to do any act which would be judged to be evil by generally accepted community standards of morality, battery is not a crime of moral turpitude, even though it may unintentionally result in serious bodily injury. (*People* v. *Mansfield, supra,* 200 Cal.App.3d at pp. 87-89.)

The comparison is not persuasive. Section 422 requires each of the following elements: (1) that the witness willfully threatened to either kill or seriously injure another person; (2) that the witness intended that the person threatened understand the statement to be a threat; (3) that the text of the statement and the surrounding circumstances led the person threatened to believe that the witness would soon execute that threat; and (4) the person threatened was placed in actual and reasonable fear for the safety of either himself or his family.

█  This offense is far from the "technical" violation required by the least adjudicated elements of section 243. Section 422 does not punish casual statements which a reasonable person would ignore, nor does it

proscribe threats which are intentionally uttered but never intended to be communicated to the victims. To the contrary, a person violating section 422 must intend that the victim receive and understand the threat, and the threat must be such that would cause a reasonable person to fear for the safety of himself or his family. While the statute does not require that the violator intend to cause death or serious bodily injury to the victim, not all serious injuries are suffered to the body. The knowing infliction of mental terror is equally deserving of moral condemnation.

In summary, we have no doubt that the making of the threats described in section 422 violates generally accepted standards of moral behavior, whether or not the person intended to actually carry out those threats. Accordingly, section 422 is a crime of moral turpitude, and the trial court did not err by permitting Nugent to be impeached with his prior conviction of that section.[2]

B.-D.*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

DISPOSITION

The judgments are affirmed as to both defendants.

Dabney, Acting P. J., and McDaniel, J.,† concurred.

---

[2]Nugent also argues that section 422 is unconstitutionally vague and infringes upon protected speech. We do not address these issues, because they were not raised in the trial court. Even if the defendant had done so, he cites no authority for the proposition that a witness can avoid impeachment with a prior conviction by collaterally attacking the constitutionality of the statute which he had been convicted of violating.

*See footnote, *ante,* page 419.

†Retired Associate Justice of the Court of Appeal, Fourth District, sitting under assignment by the Chairperson of the Judicial Council.