[No. C010506. Third Dist. Feb. 11, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD JOE BROOKS, Defendant and Appellant.

## Counsel

Paul R. Irish, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Acting Assistant Attorney General, and Wanda Hill Rouzan, Deputy Attorney General, for Plaintiff and Respondent.

## Opinion

**SIMS, J.**—A jury found defendant guilty of escape from jail by failing to return from a work furlough release (Pen. Code, § 4532, subd. (a); further statutory references are to the Penal Code unless otherwise indicated).

Defendant appeals contending the trial court erred in finding his prior felony conviction for corporal punishment of a child resulting in traumatic condition (§ 273d) was a crime of moral turpitude that could be used for impeachment. We affirm.

 Only those prior felony convictions which necessarily involve moral turpitude may be used to impeach a witness in a criminal proceeding. (*People* v. *Castro* (1985) 38 Cal.3d 301, 306 [211 Cal.Rptr. 719, 696 P.2d 111].) "Moral turpitude" is a " 'readiness to do evil' " (*id.* at p. 314), i.e., "an act of baseness, vileness or depravity in the private and social duties which a man owes to his fellowmen, or to society in general, contrary to the accepted and customary rule of right and duty between man and man." (*In re Craig* (1938) 12 Cal.2d 93, 97 [82 P.2d 442].)

Section 273d provides, in part, "Any person who willfully inflicts upon any child any cruel or inhuman corporal punishment or injury resulting in a traumatic condition is guilty of a felony, . . ." To our knowledge no California decision has determined whether this offense constitutes a crime of moral turpitude.

 Defendant contends the trial court erred in finding his prior conviction was a crime of moral turpitude. He argues the least adjudicated elements of section 273d are akin to those of a felony battery (§ 243) and it has been held that offense does not constitute a crime of moral turpitude. (*People* v. *Mansfield* (1988) 200 Cal.App.3d 82, 87 [245 Cal.Rptr. 800].)

 In deciding whether a felony to be used for impeachment necessarily involves moral turpitude, the trial court may look only to the statutory definition of the crime and its "least adjudicated elements." (*People* v. *Castro, supra,* 38 Cal.3d at p. 317.) The *Castro* court also observed that as "considerable bodies of law concerning the characterization of felonies as involving or not involving moral turpitude have developed" these other bodies of law may be looked to for assistance in deciding whether a particular crime involves moral turpitude. (*Id.* at p. 316, fn. 11.)

 Mindful of the advice in *Castro,* the People refer us to a federal decision involving immigration law. In *Guerrero de Nodahl* v. *Immigration and Naturalization Serv.* (9th Cir. 1969) 407 F.2d 1405, the court upheld a determination of the Board of Immigration Appeals that section 273d was a crime of moral turpitude and conviction of that offense justified the petitioner's deportation. The court stated: "[W]e rule that inflicting 'cruel or inhuman corporal punishment or injury' upon a child is so offensive to American ethics that the fact that it was done purposely or willingly (the California

definition of 'willful') ends the debate on whether moral turpitude was involved." (*Id.* at pp. 1406-1407, fn. omitted.)

We agree with the conclusion of the federal court in *Guerrero de Nodahl* that section 273d is a crime of moral turpitude so that a prior conviction for this offense may be used for impeachment. The trial court did not err in its ruling.

The decision in *People* v. *Mansfield, supra,* 200 Cal.App.3d 82, holding felony battery is not a crime of moral turpitude, is not applicable here because the least adjudicated elements of section 273d are significantly different from those of a felony battery. Unlike a felony battery, section 273d deals only with acts perpetrated on a child "resulting in a traumatic condition." Thus, the decision in *Mansfield* does not address either the increased protection and concern which society affords children or the abhorrence which willful infliction of serious injury upon children engenders. Its reasoning cannot be extended to this case.

### Disposition

The judgment is affirmed.

Puglia, P. J., and Raye, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 23, 1992.