[No. C032716. Third Dist. Oct. 5, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
DANNY MATA CHAVEZ, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of the Facts and parts I, III and IV of the Discussion.

## COUNSEL

Eileen S. Kotler, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, W. Scott Thorpe and Clayton S. Tanaka, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**MORRISON, J.**—A jury convicted defendant of two counts of first degree robbery (Pen. Code, § 211) and found true the allegations that defendant had used a firearm during the commission of the crimes (Pen. Code, § 12022.53, subd. (b)). The trial court sentenced him to 20 years 8 months in prison. On appeal defendant argues the trial court abused its discretion in making several evidentiary rulings. He further contends he was denied due process when the prosecutor committed misconduct and the court denied his motion for a mistrial based upon such misconduct. We disagree, affirm the trial court, and hold that sexual battery is a crime involving moral turpitude and, therefore, under *People v. Wheeler* (1992) 4 Cal.4th 284 [14 Cal.Rptr.2d 418, 841 P.2d 938] may be used to impeach.

## FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

### I.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II.

■ Defendant asserts the trial court abused its discretion in admitting evidence of his misdemeanor conviction for sexual battery (Pen. Code, § 243.4, subd. (d)). As we construe his argument, defendant contends his prior conviction has little bearing on his veracity and that its introduction into evidence was unduly prejudicial.

Over defendant's objection, the trial court allowed the prosecution to cross-examine defendant on the circumstances underlying his conviction for sexual battery. The court determined a sexual battery was conduct involving moral turpitude and that while the facts of the crime were admissible, the defendant's other convictions for spousal abuse would be excluded as cumulative.

■ " 'No witness[,] including a defendant who elects to testify in his own behalf[,] is entitled to a false aura of veracity.' " (*People v. Muldrow* (1988) 202 Cal.App.3d 636, 646 [248 Cal.Rptr. 891].) In accordance with this maxim the California Supreme Court in *People v. Wheeler, supra,* 4 Cal.4th 284, abrogated the felony-only rule and permitted misdemeanors to be used to impeach. However, the threshold inquiry remains whether the prior conduct has some logical bearing upon the witness' veracity. (*Id.* at p. 293.) To answer this question, we must ascertain whether the least adjudicated elements of the offense constitute a crime of moral turpitude. (*Ibid.*)

The California Supreme Court has divided crimes of moral turpitude into two groups. (*People v. Castro* (1985) 38 Cal.3d 301 [211 Cal.Rptr. 719, 696 P.2d 111].) The first group includes crimes in which dishonesty is an element (i.e., fraud, perjury, etc.). The second group includes crimes that indicate a " 'general readiness to do evil,' " from which a readiness to lie can be inferred. (*Id.* at p. 315.) Crimes in the latter group are acts of "baseness, vileness or depravity in the private and social duties which a man owes to his

---

*See footnote, *ante,* page 25.

fellowmen, or to society in general, contrary to the accepted and customary rule of right and duty between man and man." (*In re Craig* (1938) 12 Cal.2d 93, 97 [82 P.2d 442].) "Although the inference is not as compelling in the latter case, 'it is undeniable that a witness's moral depravity of any kind has some "tendency in reason" [citation] to shake one's confidence in his honesty.' " (*People v. Thornton* (1992) 3 Cal.App.4th 419, 422 [4 Cal.Rptr.2d 519].)

 The question of whether misdemeanor sexual battery constitutes a crime of moral turpitude has not been decided in California. Other jurisdictions have held that similar crimes involve moral turpitude. (*Matter of Brooks* (1993) 263 Ga. 530 [436 S.E.2d 493] [misdemeanor sexual battery is a crime involving moral turpitude]; *Hernandez-Gonzalez v. Moyer* (N.D.Ill. 1995) 907 F.Supp. 1224 [Illinois offense of felony aggravated battery is a crime involving moral turpitude]; *Maghsoudi v. I.N.S.* (1st Cir. 1999) 181 F.3d 8 [conviction under Massachusetts statute for felony indecent assault and battery on person 14 or older is a crime involving moral turpitude]; *In Matter of S-* (B.I.A. 1954) 5 I. & N. Dec. 686 [1954 WL 7947] [conviction under Canadian indecent assault statute is a crime involving moral turpitude]; *In Matter of Z-* (B.I.A. 1956) 7 I. & N. Dec. 253 [1956 WL 10268] [indecent assault under Connecticut statute is a crime involving moral turpitude].)

Usually simple battery, which requires only a "willful and unlawful" use of force on another (Pen. Code, § 242), does not involve moral turpitude. (*People v. Lindsay* (1989) 209 Cal.App.3d 849, 855-856 [257 Cal.Rptr. 529].) Because the least offensive push can cause great bodily injury, even felony battery may not involve moral turpitude. (*People v. Mansfield* (1988) 200 Cal.App.3d 82 [245 Cal.Rptr. 800]; but see *People v. Williams* (1985) 169 Cal.App.3d 951, 957 [215 Cal.Rptr. 612] ["battery . . . , a crime of violence, demonstrates 'a general readiness to do evil' and thus moral turpitude"].)

Unlike simple or even felony battery, sexual battery does not result from a simple push or offensive touch. Sexual battery is a specific intent crime. It consists of touching an intimate part of another, against the victim's will, committed for the purposes of sexual arousal, gratification or abuse. (Pen. Code, § 243.4, subd. (d).)

Other crimes involving elements in addition to simple battery have been held to involve moral turpitude. (*People v. Elwell* (1988) 206 Cal.App.3d 171 [253 Cal.Rptr. 480] [assault by means of force likely to produce great bodily injury].) Battery on a police officer (Pen. Code, § 243 subd. (c)) has been

held to involve moral turpitude. (*People v. Lindsay, supra*, 209 Cal.App.3d at p. 856.) This is because battery on a police officer involves additional elements not required for simple battery, as does corporal punishment of a child. (*People v. Brooks* (1992) 3 Cal.App.4th 669 [4 Cal.Rptr.2d 570].)

■ Intent to do harm is not necessary for moral turpitude. A violation of Penal Code section 422, making terrorist threats, has been deemed a crime of moral turpitude. (*People v. Thornton, supra*, 3 Cal.App.4th 419, 424.) ■ In *Thornton*, the defendant argued that since an intent to carry out the crime was not required, the crime was analogous to battery and did not necessarily involve moral turpitude. (*Id.* at p. 423.) The court disagreed, finding "[t]he knowing infliction of mental terror [on his victim] is equally deserving of moral condemnation." (*Id.* at p. 424.) The same is true of sexual battery; the degrading use of another, against her will, for one's own sexual arousal is deserving of moral condemnation. We hold that sexual battery is a crime of moral turpitude.

Defendant contends the trial court abused its discretion in admitting the evidence as it was more prejudicial than probative. As it must, the court conducted a balancing test under Evidence Code section 352. ■ A trial court may only exclude relevant evidence when "its probative value is substantially outweighed" by the risk of undue prejudice. (Evid. Code, § 352.) " 'A trial court's exercise of discretion will not be disturbed unless it appears that the resulting injury is sufficiently grave to manifest a miscarriage of justice. [Citation.] In other words, discretion is abused only if the court exceeds the bounds of reason, all of the circumstances being considered. [Citation.]' " (*People v. Green* (1995) 34 Cal.App.4th 165, 182-183 [40 Cal.Rptr.2d 239].)

■ Here, defendant's criminal conduct was recent, occurring in 1997. His prior and present offenses are substantially different and thus, "the prejudicial factor before the jury is limited." Although the prior crime was of a violent nature, it was no more violent than the circumstances surrounding defendant's present offense. The trial court's decision lay reasonably within its discretion. (See *People v. Williams, supra*, 169 Cal.App.3d at p. 957.)

Defendant "doubts if the jury could have limited the use of the evidence for impeachment rather than propensity." This assertion is unfounded. The jury received instruction regarding what it could use evidence of defendant's prior conviction for, specifically, in determining his believability as a witness only. ■ " 'The crucial assumption underlying our constitutional system of trial by jury is that jurors generally understand and faithfully

follow instructions.' [Citations.]" (*People v. Callahan* (1999) 74 Cal.App.4th 356, 372 [87 Cal.Rptr.2d 838].) We must assume the jury understood its duty to follow the instructions.

 Defendant's reliance on pre-*Castro/Wheeler* and pre-Proposition 8 cases is also unpersuasive. As the California Supreme Court noted in *People v. Castro, supra,* 38 Cal.3d at page 312, the intention of the drafters of Proposition 8 was to "restore trial court discretion as visualized by the Evidence Code and to reject the rigid, black letter rules of exclusion." The spirit of Proposition 8 supports the trial court's decision. Accordingly, we find no abuse of discretion in the trial court's ruling.

III., IV.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is affirmed.

Sims, Acting P. J., and Davis, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 24, 2001.

---

*See footnote, *ante*, page 25.