Filed 6/22/22  P v. Mejia CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>VINCENTE ROBERTO MEJIA,<br><br>Defendant and Appellant. | F082348<br><br>(Super. Ct. No. 20CMS-2098)<br><br>**OPINION** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Kings County.  Robert S. Burns, Judge.

Daniel G. Koryn, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Poochigian, Acting P. J., Snauffer, J. and DeSantos, J.

## INTRODUCTION

Vicente Roberto Mejia ("Defendant") groped another person at a casino in Kings County. When questioned after the incident, defendant provided a false name and identification to law enforcement.

An information charged defendant with (among other conduct) misdemeanor sexual battery (Pen. Code,[1] § 243.4, subd. (e)(1); count 3) and misdemeanor assault and battery (§ 242; count 5).[2] After a bench trial, the court found defendant guilty of both charges.

On appeal, defendant claims section 954 requires reversal of his conviction for simple battery. The People agree defendant is entitled to this relief.

Defendant also asks us to correct the minute order to reflect he did not commit battery by the use of force or violence. The People do not agree with defendant on this point.

We reverse defendant's conviction for battery because it is a lesser included offense of sexual battery. We otherwise affirm the judgment.

## FACTUAL BACKGROUND[3]

### THE INCIDENT IN QUESTION

On September 24, 2019, T.G. watched her friend play a game at a casino. Defendant sat down next to T.G. and asked her if she had won and T.G. responded she had not. Defendant grabbed T.G.'s buttocks and "pulled up on it" two or three times. T.G. asked defendant why he touched her and defendant responded, " 'It's not like you didn't like it.' " T.G. asked casino security for help and defendant walked outside.

---

[1] All further statutory references are to the Penal Code.

[2] The other charges included felony false impersonation (§ 529, subd. (a)(3)), felony identity theft (§ 530.5, subd. (a)), and misdemeanor giving false information to a police officer (§ 148.9, subd. (a)).

[3] We only recite the facts necessary for resolution of this appeal.

2

A Kings County deputy sheriff arrived and contacted defendant, who was detained by casino security. The responding deputy asked defendant his name and defendant falsely identified himself as Christopher Castaneda. Defendant received a citation and was thereafter released.

*DEFENDANT'S BENCH TRIAL*

Defendant waived his right to a jury trial. A bench trial commenced on December 7, 2020.

The court found defendant guilty of both sexual battery and simple battery.[4] On the sexual battery charge, the trial court sentenced defendant to 180 days in county jail. For the simple battery charge, the court sentenced defendant to 180 days on count 5 but stayed the sentence pursuant to section 654.

Defendant timely noticed his appeal on January 25, 2021.

## ANALYSIS

### I. Defendant's Conviction for Misdemeanor Battery Must Be Stricken

Defendant first argues his conviction for misdemeanor battery in count 5 must be reversed because he was also convicted of misdemeanor sexual battery in count 3. The People agree. We agree as well.

" 'In California, a single act or course of conduct by a defendant can lead to convictions "of *any number* of the offenses charged." ' " (*People v. Reed* (2006) 38 Cal.4th 1224, 1226, citing § 954.) "However, an exception to this general rule allowing multiple convictions prohibits multiple convictions based on necessarily included

---

[4] The trial court also found defendant guilty of felony false impersonation in count 1, identity theft in count 2, and misdemeanor providing false information to a police officer in count 4. On count 1, the court sentenced defendant to two years in county jail. Defendant similarly received a two year sentence on count 2, but the trial court stayed the sentence pursuant to section 654. The court sentenced defendant to 180 days on count 4 and again stayed that sentence.

offenses." (*People v. Medina* (2007) 41 Cal.4th 685, 688.) "When a defendant is found guilty of both a greater and a necessarily lesser included offense arising out of the same act or course of conduct, and the evidence supports the verdict on the greater offense, that conviction is controlling, and the conviction of the lesser offense must be reversed." (*People v. Sanders* (2012) 55 Cal.4th 731, 736.)

The California Supreme Court employs the "elements" test to determine whether multiple convictions are barred because one offense is a lesser included offense of the other. (*People v. Reed* (2006) 38 Cal.4th 1224, 1231 [courts should only consider the "statutory elements [test] in deciding whether a defendant may be convicted of multiple *charged* crimes."].) "Under the elements test, if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, the latter is necessarily included in the former." (*Reed*, at p. 1227.)

Misdemeanor battery is a lesser included offense of sexual battery under the elements test. "Battery includes 'any willful and unlawful use of force or violence upon the person of another.' " (*People v. Hernandez* (2011) 200 Cal.App.4th 1000, 1006.) The elements are "(1) a use of 'force or violence' that is (2) 'willful and unlawful.' " (*People v. Miranda* (2021) 62 Cal.App.5th 162, 173.) " 'It has long been established that "the least touching" may constitute battery. In other words, force against the person is enough; it need not be violent or severe, it need not cause bodily harm or even pain, and it need not leave a mark.' " (*People v. Shockley* (2013) 58 Cal.4th 400, 404.)

Misdemeanor sexual battery "consists of touching an intimate part of another, against the victim's will, committed for the purposes of sexual arousal, gratification or abuse." (*People v. Chavez* (2000) 84 Cal.App.4th 25, 29.)

The Court of Appeal has held that simple battery is a lesser included offense of sexual battery. (See e.g., *In re Keith T.* (1984) 156 Cal.App.3d 983, 988 ["battery is a necessarily included offense to … sexual battery."]; see also *People v. Yonko* (1987) 196

4

Cal.App.3d 1005, 1009–1010 [modifying conviction for sexual battery to lesser included offense of simple battery because evidence was insufficient to support conviction for sexual battery].)

Here, defendant's convictions for both sexual battery and misdemeanor battery arose from the same act of grabbing T.G.'s buttocks and pulling up on it two or three times. Indeed, the trial court characterized the battery charge as a lesser included offense of the sexual battery charge when it rendered its verdict of guilt. Accordingly, defendant's conviction for battery must be reversed. (*People v. Sanders*, *supra*, 55 Cal.4th at p. 736.)

## II. No Correction of the Minute Order is Necessary

Defendant's next issue relates to the minute order concerning his conviction for battery. He claims the order erroneously found he used force or violence in the commission of the offense when the information alleged he did not use force or violence. Defendant also claims the trial court did not find he used force or violence. He asks us to correct the minute order to reflect he did not use force or violence with respect to count 5.

This issue is moot because defendant's conviction on count 5 must be stricken for the reasons discussed above. However, for good measure, defendant is mistaken. As the People note, the information expressly alleged in count 5 that defendant "did use force and violence upon the person of [T.G.]" Additionally, the trial court did not find in its oral pronouncement that defendant did not use force or violence, but in fact confirmed the prosecution proved count 5 beyond a reasonable doubt. There is no discrepancy between the information, oral pronouncement of judgment, and the minute order. Therefore, we will not order the minute order corrected.

5

## DISPOSITION

Defendant's conviction for battery (count 5) is reversed, and the sentence on that count is vacated.  The trial court is directed to prepare an amended abstract of judgment and forward it to the appropriate authorities.  In all other respects, the judgment is affirmed.