Filed 9/3/20  P. v. Chavez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>CARLOS ANTONIO CHAVEZ,<br><br>　　Defendant and Appellant. | G057608<br><br>(Super. Ct. No. 16NF2084)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Gary S. Paer, Judge.  Affirmed.

Benjamin Kington, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

Carlos Antonio Chavez appeals from a judgment after a jury convicted him of three counts of lewd acts upon a child. Chavez argues the trial court erred by excluding evidence and admitting propensity evidence. As we explain below, neither contention has merit. We affirm the judgment.

FACTS

An information charged Chavez with five counts of committing a lewd act on a child under 14 years old (Pen. Code, § 288, subd. (a),[1] counts 1 & 2 (Ruben A.), count 3 (Rosa A.), and counts 4 & 5 (Angel G.)). As to count 1, the information alleged Chavez had substantial sexual conduct with a child (§ 1203.066, subd. (a)(8)). As to all the counts, it further alleged he had a prior conviction for a sex offense within the meaning of sections 667.71, subdivision (a), and 667.51, subdivision (a), and that he had committed offenses against more than one victim within the meaning of section 667.61, subdivision (c). Finally, it alleged he suffered a prior serious and violent felony (§§ 667, subds. (d), (e)(1), 1170.12, subds. (b), (c)(1)), and a prior serious felony (§ 667, subd. (a)(1)).

Before trial, the parties learned of a police report that indicated Ruben and Rosa's father, Manuel A., who would testify concerning the allegations, had previously been arrested for spousal rape and criminal threats. Manuel's wife alleged he raped her multiple times, and threatened to kill her and Rosa with a knife. No charges were filed. Chavez requested to question Manuel about the alleged conduct to impeach him. The prosecution objected because the evidence was irrelevant and unduly prejudicial.

The trial court denied the request under Evidence Code section 352. The court reasoned that if defense counsel was allowed to inquire about the allegations, it would create another trial within this trial because he was not prosecuted for those offenses. This second trial would not concern Chavez, but whether Manuel committed a

_____

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

crime against his wife. The court cited three reasons for denying the request. First, it would be collateral to the case at hand. Second, it would produce an undue consumption of time. And three, it would confuse the jury. The court added it saw very little probative value for this evidence because "the case . . . rises and falls on the testimony of the alleged victims" and not Manuel.

*1. Prosecution Evidence*

*A. Ruben*

Ruben, who was 18 years old at the time of trial, attended his grandparents' church about four times a week. When Ruben was five years old, he would attend church with his family, and about halfway through the service, the children would go to a separate classroom with a teacher for a bible study class.

Ruben remembered one incident at church where Chavez, a member of the church, asked him if he wanted to get some candy. Ruben walked with Chavez to a nearby store. Ruben accompanied Chavez into the restroom inside the store. In the restroom, Chavez told Ruben to open his mouth, and Chavez put his penis inside Ruben's mouth. Chavez told Ruben not to tell anyone. Ruben left the store and returned to church. Ruben told no one about what happened because he was scared and embarrassed.

When Ruben was 14 years old, he went with his father, Manuel, to a friend's apartment to work on the family car. Ruben saw Chavez at the apartment complex, and Ruben's father talked to Chavez. Ruben was upset and told his father that Chavez had molested him.

Ruben testified he had a distinct memory of only one incident with Chavez though he previously told police Chavez had molested him approximately six times. Ruben testified Chavez's penis was circumcised, but he previously told police it was uncircumcised.

3

*B. Rosa*

Rosa, who was 17 years old at the time of trial, is Ruben's younger sister. When Rosa was three or four years old, Chavez asked Rosa to accompany him to the liquor store to buy her some candy. Rosa recalled she was in the church bathroom with Chavez and her pants were off. Chavez touched the exterior of her vagina with his hands. She did not remember what happened next.

When Rosa was 12 years old, she told her father, Manuel, about what Chavez did to her. She told her father when Ruben told Manuel about what Chavez did to him. Ruben and Rosa did not know of each other's incidents with Chavez until they told their father after seeing him at the apartment complex.

*C. Angel*

Angel, who was 17 years old at the time of trial, is Ruben and Rosa's cousin. Angel attended the same church as them. When Angel was around five or six years old, Chavez approached Angel at church and said, "'Come help me.'" Angel went with him into the bathroom and helped him grab something from the window ledge. When Chavez picked up Angel, he put his hand on Angel's crotch. Chavez held him there for one to two minutes moving his hand on Angel's crotch.

Angel immediately went to tell his grandmother what happened. She told Angel she would talk to Chavez. The grandmother testified that Angel told her Chavez offered him chocolate, grabbed his hand, and took him to the bathroom where he touched his private parts. The grandmother talked to Chavez, but he denied the incident. She decided not to do anything else unless there were more problems. She stated that because Angel was only five years old, she did not think he was telling the truth. Chavez did not come to church as often after the grandmother spoke to him.

4

*D.  Manuel*

Manuel testified concerning Ruben and Rosa reporting the incidents to him. On cross-examination, Manuel admitted he never saw Chavez do anything inappropriate or suspicious with any children at the church.

*E.  Evidence Code section 1108*

Teresa M., who was 22 years old at the time of trial, testified that when she was four or five years old, she went to a McDonald's with her grandmother.  She went into the bathroom while her grandmother waited outside.  Chavez appeared and asked Teresa if she needed any help.  He cleaned her private parts with toilet paper and his hand touched the outside area around her vagina.  Teresa's grandmother went into the bathroom and saw a man crouching and touching Teresa.  Chavez said he was a janitor. Teresa told her grandmother the man was going to buy her a snow cone.  Teresa's grandmother called the police and was able to identify Chavez as the man who touched her granddaughter.  As a result, Chavez was convicted of committing a lewd act on a child.

*F.  Child Sex Abuse Accommodation Syndrome*

An expert testified on Child Sex Abuse Accommodation Syndrome (CSAAS).  CSAAS is a pattern of behaviors that helps explain the behavior of abused children—it cannot be used to determine whether abuse occurred.  The five behaviors are secrecy, helplessness, entrapment and accommodation, delayed and unconvincing disclosure, and retraction or recantation.  Secrecy and helplessness are always present, but the other behaviors may or may not be present.

*2.  Defense Evidence*

Chavez called five witnesses who attended the church at the time of the incidents.  Chavez did not work with the children, and none of the witnesses saw Chavez alone with the children or in the bathroom with them.

5

*3. Verdicts and Sentencing*

Following the presentation of evidence, the trial court entered a judgment of acquittal on counts 2 and 5 (§ 1118.1). The jury convicted Chavez of counts 1, 3, and 4 and found true the substantial sexual conduct and multiple victim allegations. Chavez admitted the prior conviction allegations. The trial court sentenced Chavez to 50 years to life on counts 1 and 3 for a total prison term of 100 years to life.

DISCUSSION

*I. Exclusion of Evidence*

Chavez argues the trial court erred by excluding evidence Manuel had been accused of spousal rape and criminal threats. We disagree.

"'Relevant evidence' means evidence, including evidence relevant to the credibility of a witness or hearsay declarant, having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action." (Evid. Code, § 210.) A witness's past conduct involving moral turpitude, whether it resulted in a felony conviction, is relevant and admissible to impeach the witness's credibility. (*People v. Wheeler* (1992) 4 Cal.4th 284, 295-296 (*Wheeler*).) However, the admission of prior conduct involving moral turpitude to impeach a witness is subject to the trial court's discretion under Evidence Code section 352. (*People v. Clark* (2011) 52 Cal.4th 856, 931 (*Clark*).) Rape and criminal threats are crimes of moral turpitude. (*People v. Mazza* (1985) 175 Cal.App.3d 836, 844 [rape crime of moral turpitude]; *People v. Thornton* (1992) 3 Cal.App.4th 419, 424 [criminal threats crime of moral turpitude].) Evidence Code section 352 authorizes a trial court to "exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." (Evid. Code, § 352.)

This court reviews a trial court's evidentiary ruling for an abuse of discretion. (*People v. Edwards* (2013) 57 Cal.4th 658, 722.) A trial court possesses

6

broad discretion in determining whether to admit impeachment evidence, including whether to exclude it under Evidence Code section 352. (*Clark*, *supra*, 52 Cal.4th at pp. 931-933.)

Here, the trial court properly determined Manuel's ex-wife's allegations of spousal rape and criminal threats (the allegations) and his arrest were of little probative value. The central issue in this case was to determine if Chavez was guilty of committing lewd acts on multiple children. Evidence of the allegations against Manuel and his arrest served no purpose to the central issue of this case. The evidence would not serve to prove or disprove any disputed fact of this case. Additionally, Manuel's testimony did not have probative value because the case hinged on the testimony of the alleged victims. The purpose of Manuel's testimony was to provide context and background regarding Ruben's and Rosa's disclosure of their molestations to him and the police. Contrary to Chavez's claim, he was able to cross-examine Manuel and have him admit he never saw Chavez act inappropriately or suspiciously with the children at the church. The allegations against Manuel had no bearing on the central issue in this case and lacked probative value.

"[C]ourts may and should consider with particular care whether the admission of such evidence might involve undue time, confusion, or prejudice which outweighs its probative value." (*Wheeler*, *supra*, 4 Cal.4th at pp. 296-297, fn. omitted.) Even if the arrest and allegations had probative value, the trial court did not err by excluding it for undue consumption of time and jury confusion. If Chavez were allowed to pursue this line of questioning, Manuel would have denied the allegation. This then would require Manuel's ex-wife to testify about her allegations against him. A trial within a trial on this collateral issue would have ensued. More witnesses and evidence would have to be admitted to address these allegations. This "second trial" would create an undue consumption of time and steer the jury's focus away from the central issue. (*People v. Bittaker* (1989) 48 Cal.3d 1046, 1097 [impeachment evidence that depended

7

on falsity properly excluded because consumed considerable time and would confuse jury], disapproved on other grounds by *People v. Black* (2014) 58 Cal.4th 912, 919.) Additionally, this second trial would confuse the jury as to the issue of the case. Instead of just determining whether Chavez was guilty of committing lewd acts on children, the jury would be tasked with determining whether Manuel committed spousal rape and made criminal threats against his ex-wife in 2005. These allegations against a witness would confuse the jury as to the central issues of this case.

Chavez argues the trial court's exclusion of this evidence violated his due process rights under the federal constitution. However, a trial court's application of standard rules of evidence does not infringe a defendant's constitutional rights. (*People v. McNeal* (2009) 46 Cal.4th 1183, 1203.) Chavez has failed to show the application of Evidence Code section 352 violated his constitutional rights. Because the trial court merely rejected some irrelevant evidence for impeachment purposes, it did not preclude him from presenting a defense. There was no violation. Thus, the trial court did not err by excluding evidence of the allegations and Manuel's arrest.

## II. Evidence Code section 1108

Conceding the California Supreme Court in *People v. Falsetta* (1999) 21 Cal.4th 903, rejected this claim, Chavez argues the issue of whether the admission of propensity evidence pursuant to Evidence Code section 1108 violates due process should be reconsidered. We are bound by California Supreme Court precedent. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) Chavez's due process claim is meritless. (*People v. Daveggio and Michaud* (2018) 4 Cal.5th 790, 827 [rejecting due process claim to Evidence Code section 1108].) We recognize Chavez raises the issue to preserve it for federal review. Therefore, the trial court properly admitted evidence of Chavez's prior conviction for committing a lewd act on a child under Evidence Code section 1108.

8

DISPOSITION

The judgment is affirmed.


O'LEARY, P. J.

WE CONCUR:


ARONSON, J.


IKOLA, J.